UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  **5:25-cv-02464-FWS(MAR)**                                                         Date:  November 18, 2025

Title:  *Terry Grant Chappell v. County of Riverside*

Present: The Honorable:   MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| VALERIE VELASCO | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  (In Chambers) ORDER TO SHOW CAUSE RE:  WHY THIS ACTION SHOULD NOT BE DISMISSED**

## I.
## BACKGROUND

On September 19, 2025, Petitioner Terry Grant Chappell ("Petitioner"), proceeding pro se, filed a habeas petition.  ECF Docket No. ("Dkt.") 1.  Petitioner challenges his pre-trial detention.  Dkt. 1 at 2.  Petitioner indicates that his arraignment was not held within forty-eight hours of his arrest.  Id.

The Court has screened the petition pursuant to Habeas Rule 4.  This preliminary review revealed defects in the petition that warrant dismissal.  Accordingly, Petitioner is **ORDERED** to show cause why the petition should not be dismissed.

## II.
## DISCUSSION

### A.   THE COURT APPEARS TO LACK JURISDICTION OVER PETITIONER'S CLAIM

Federal habeas corpus relief is available only when a petitioner has been convicted or sentenced in violation of the Constitution or laws or treaties of the United States.  See Swarthout v. Cooke, 562 U.S. 216, 219 (2011).  It is not available for errors in the interpretation or application of state law.  Id.; Estelle v. McGuire, 502 U.S. 62, 67–68 (1991).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | |
|---|---|---|
| Case No. | **5:25-cv-02464-FWS(MAR)** | Date: November 18, 2025 |
| Title: | *Terry Grant Chappell v. County of Riverside* | |

Here, the nature of Petitioner's claims is unclear. Although Petitioner makes reference to his "Right to a Speedy Trial," his claim appears to be premised on California Penal Code Section 825 which is a state law. The Court cannot determine whether Petitioner alleges any constitutional claims or what the possible factual basis for those claims could be. Because, as explained above, habeas relief is not available for errors of state law, to the extent that Petitioner seeks to rely upon California law, he fails to present a cognizable claim.

### B.     ABSTENTION MAY BE WARRANTED

Principles of comity and federalism require federal courts to abstain from interfering with pending state court proceedings. See Younger v. Harris, 401 U.S. 37, 43–45 (1971). The Ninth Circuit has held abstention is appropriate when: (1) there is "an ongoing state judicial proceeding"; (2) the proceeding "implicate[s] important state interests"; (3) there is "an adequate opportunity in the state proceedings to raise constitutional challenges"; and (4) the requested relief "seek[s] to enjoin" or has "the practical effect of enjoining" the ongoing state judicial proceeding. Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018) (citing ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund, 754 F.3d 754, 758 (9th Cir. 2014)).

"Extraordinary circumstances," may warrant exception to the "fundamental policy against federal interference with state criminal prosecutions." Younger, 401 U.S. at 46, 53–54; Brown v. Ahern, 676 F.3d 899, 900–01 (9th Cir. 2012) (holding "abstention principles ... prohibit a federal court from considering a pre-conviction habeas petition that seeks preemptively to litigate an affirmative constitutional defense unless the petitioner can demonstrate that 'extraordinary circumstances' warrant federal intervention." (citing Carden v. State of Mont., 626 F.2d 82, 83 (9th Cir. 1980))). To demonstrate an exception to Younger, Petitioner must show: (1) he would suffer irreparable harm that is "both great and immediate" if the federal court declines jurisdiction; (2) there is bad faith or harassment, on the part of state, in prosecuting him; or (3) the state court system is biased against Petitioner's federal claim. See Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Kugler v. Helfant, 421 U.S. 117, 124–25 (1975); see also Brown, 676 F.3d at 901 (citing Carden, 626 F.2d at 83).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **5:25-cv-02464-FWS(MAR)**                                  Date:  November 18, 2025

Title:   *Terry Grant Chappell v. County of Riverside*

Where Younger abstention is appropriate, a district court "cannot refuse to abstain, retain jurisdiction over the action, and render a decision on the merits after the state proceedings have ended." Beltran v. State of Calif., 871 F.2d 777, 782 (9th Cir. 1988).  In other words, Younger abstention requires dismissal of the federal action when state court proceedings were ongoing at the time of filing. Beltran, 871 F.2d at 782.

Here, Petitioner indicates that he is challenging his pre-trial detention, which suggests that any criminal proceedings against him remain ongoing. Further, he indicates that he previously filed a civil rights claim that, on July 14, 2025, was stayed "until criminal proceedings finish," Dkt. 1 at 2, which also indicates that Petitioner's criminal proceedings remain ongoing. If this is the case, then this Court may have to abstain pursuant to the Younger doctrine.  Ultimately, the Court cannot discern from the limited information in the Petition whether the doctrine is applicable or whether Petitioner is alleging that extraordinary circumstances warrant an exception to the doctrine.

## D.   PETITIONER'S CLAIMS MAY BE UNEXHAUSTED

A state prisoner must exhaust his or her state court remedies before a federal court may consider granting habeas corpus relief.  28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  To satisfy the exhaustion requirement, a petitioner must fairly present his or her federal claims in the state courts to give the state the opportunity to pass upon and correct alleged violations of the petitioner's federal rights.  Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam).  A petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process to properly exhaust a claim.  O'Sullivan, 526 U.S. at 845.

For a petitioner in California custody, this generally means the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court.  See O'Sullivan, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California).  A claim has been fairly presented if the petitioner has both "adequately described the factual basis

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **5:25-cv-02464-FWS(MAR)**                                        Date:  November 18, 2025

Title:      *Terry Grant Chappell v. County of Riverside*

for [the] claim" and "identified the federal legal basis for [the] claim." Gatlin, 189 F.3d at 888.

    Here, because Petitioner does not clearly identify the scope of his claims or the status of his conviction, the Court cannot determine whether any cognizable claims have been exhausted in state court. Petitioner does not indicate that he has appealed any of his claims from the trial court to the California Court of Appeals or the California Supreme Court. Without this information the Court cannot determine whether Petitioner has exhausted his claims regarding his delayed arraignment and speedy trial. To the extent one or more of the claims in the petition are unexhausted, Petitioner has not requested a stay.

    Under Rhines v. Weber, 544 U.S. 269 (2005), a district court has discretion to stay a mixed or wholly unexhausted petition to allow a petitioner time to present his or her unexhausted claims to state courts. Id. at 276; see Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016) (holding a district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in Rhines). This stay and abeyance procedure is called a "Rhines stay," and is available only when: (1) there is "good cause" for the failure to exhaust; (2) each unexhausted claim is not "plainly meritless;" and (3) the petitioner did not intentionally engage in dilatory litigation tactics. Rhines, 544 U.S. at 277-78. The "good cause" inquiry is centered on "whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence," to justify his failure to exhaust the unexhausted claim in state court. Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014).

    Under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), the district court may stay a petition's exhausted claims to allow the petitioner time to exhaust unexhausted claims in state court. 315 F.3d at 1070-71. Unlike a Rhines stay, a Kelly stay "does not require that a petitioner show good cause for his failure to exhaust state court remedies." King v. Ryan, 564 F.3d 1133, 1135. A Kelly stay involves a three-step procedure: "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." Id. (citing Kelly, 315 F.3d at 1170-71). Thus, while

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | | |
|---|---|---|
| Case No. | **5:25-cv-02464-FWS(MAR)** | Date:  November 18, 2025 |
| Title: | *Terry Grant Chappell v. County of Riverside* | |

"Rhines allows a district court to stay a mixed petition, and does not require that unexhausted claims be dismissed while the petitioner attempts to exhaust them . . . Kelly allows the stay of fully exhausted petitions, requiring that any unexhausted claims be dismissed."  Id. at 1139-40 (emphasis in original) (citing Jackson, 425 F.3d at 661).

While a Kelly stay does not require a showing of good cause, it requires compliance with the one-year statute of limitations set forth in the AEDPA.  28 U.S.C. § 2244(d)(1); see also King, 564 F.3d at 1140-41 ("A petitioner seeking to use the Kelly procedure will be able to amend his [or her] unexhausted claims back into his federal petition once he [or she] has exhausted them only if those claims are determined to be timely.").  After expiration of the AEDPA limitations period, "a petitioner may amend a new claim into a pending federal habeas petition . . . only if the new claim shares a 'common core of operative facts' with the claims in the pending petition; a new claim does not 'relate back' . . . simply because it arises from the 'same trial, conviction, or sentence.'"  Id. at 1141 (internal citations omitted).

Petitioner has not requested a stay, or presented a "reasonable excuse, supported by sufficient evidence" for a stay, which is required for the Court to grant a stay.  Without this information, the Court is unable to determine whether Petitioner has shown there is good cause for his failure to exhaust, as is required for a Rhines stay.  If there is not good cause, Petitioner may still request a Kelly stay for any of his exhausted claims; however, the Court warns Petitioner that even if he obtains a Kelly stay, any newly-exhausted claim(s) may be time-barred when Petitioner would file his amended petition.

Ultimately, the petition appears subject to dismissal because the Court lacks jurisdiction, state proceedings may be ongoing, and the petition may be unexhausted.  The Court will not recommend dismissal of the petition, however, without giving Petitioner an opportunity to explain or amend his petition.

///
///
///
///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   **5:25-cv-02464-FWS(MAR)**                                             Date:  November 18, 2025

Title:   *Terry Grant Chappell v. County of Riverside*

### III.
### ORDER

Accordingly, the Court hereby **ORDERS** Petitioner to file a written response to this Order **no later than twenty-one (21) days** after the date of this Order, by December 8, 2025.  This statement should provide more details about Petitioner's detention and address why the Petition should not be dismissed for the reasons discussed above.

**The Court warns Petitioner that failure to timely respond as directed in this Order may result in dismissal of this action without prejudice for their failure to comply with the Court's orders and failure to prosecute.  See Fed. R. Civ. P. 41(b).**

**IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | vv |