UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **5:25-cv-02464-FWS(MAR)**                    Date:  January 28, 2026

Title:     *Terry Grant Chappell v. County of Riverside*

Present:  The Honorable:   MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| VALERIE VELASCO | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  (In Chambers) ORDER TO SHOW CAUSE RE:  WHY THIS ACTION SHOULD NOT BE DISMISSED**

**I.**
**BACKGROUND**

On September 19, 2025, Petitioner Terry Grant Chappell ("Petitioner"), proceeding pro se, filed a habeas petition.  ECF Docket No. ("Dkt.") 1.  Petitioner challenges his pre-trial detention.  Dkt. 1 at 2.  Petitioner indicates that his arraignment was not held within forty-eight hours of his arrest.  Id.

The Court screened the petition pursuant to Habeas Rule 4 and ordered Petitioner to show cause re: why this action should not be dismissed based on abstention, lack of jurisdiction, and lack of exhaustion.  Dkt. 5.  Petitioner responded on December 5, 2025.  Dkt. 6.  The Court's subsequent review revealed defects in the petition that warrant dismissal.  Accordingly, Petitioner is **ORDERED** to show cause why the petition should not be dismissed.

**II.**
**DISCUSSION**

**A.      ABSTENTION MAY BE WARRANTED**

Principles of comity and federalism require federal courts to abstain from interfering with pending state court proceedings.  See Younger v. Harris, 401 U.S. 37, 43–45 (1971).  The Ninth Circuit has held abstention is appropriate when:  (1) there is "an ongoing state judicial proceeding"; (2) the proceeding "implicate[s] important state interests"; (3) there is "an adequate opportunity in the state proceedings to raise constitutional challenges"; and (4) the requested relief "seek[s] to enjoin" or has "the

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **5:25-cv-02464-FWS(MAR)**                                      Date:  January 28, 2026

Title:     _Terry Grant Chappell v. County of Riverside_

practical effect of enjoining" the ongoing state judicial proceeding.  Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018) (citing ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund, 754 F.3d 754, 758 (9th Cir. 2014)).

"Extraordinary circumstances," may warrant exception to the "fundamental policy against federal interference with state criminal prosecutions."  Younger, 401 U.S. at 46, 53–54; Brown v. Ahern, 676 F.3d 899, 900–01 (9th Cir. 2012) (holding "abstention principles ... prohibit a federal court from considering a pre-conviction habeas petition that seeks preemptively to litigate an affirmative constitutional defense unless the petitioner can demonstrate that 'extraordinary circumstances' warrant federal intervention." (citing Carden v. State of Mont., 626 F.2d 82, 83 (9th Cir. 1980))).  To demonstrate an exception to Younger, Petitioner must show:  (1) he would suffer irreparable harm that is "both great and immediate" if the federal court declines jurisdiction; (2) there is bad faith or harassment, on the part of state, in prosecuting him; or (3) the state court system is biased against Petitioner's federal claim.  See Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Kugler v. Helfant, 421 U.S. 117, 124–25 (1975); see also Brown, 676 F.3d at 901 (citing Carden, 626 F.2d at 83).  "Such circumstances must be 'extraordinary' in the sense of creating an extraordinarily pressing need for immediate federal equitable relief…"  Kugler v. Helfant, 421 U.S. 117, 125 (1975).

Where Younger abstention is appropriate, a district court "cannot refuse to abstain, retain jurisdiction over the action, and render a decision on the merits after the state proceedings have ended."  Beltran v. State of Calif., 871 F.2d 777, 782 (9th Cir. 1988).  In other words, Younger abstention requires dismissal of the federal action when state court proceedings were ongoing at the time of filing.  Beltran, 871 F.2d at 782.

Petitioner asserts that extraordinary circumstances warrant an exception to the Younger doctrine.  Dkt. 6 at 1.  First, he argues that he faces immediate and irreparable harm because he is being detained and prosecuted despite the delay of his initial arraignment which he argues signifies that Defendants "admit[] that no probable cause exists for his detention or prosecution."  Dkt. 6 at 2.  Second, he argues that the state acted in bad faith in "moving forward on [a] time barred action" because he has "never been lawfully arraigned nor has he had a probable cause

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **5:25-cv-02464-FWS(MAR)**                                    Date:  January 28, 2026

Title:      _Terry Grant Chappell v. County of Riverside_

determination after 30 months" of incarceration and prosecution.  Dkt. 6 at 2.  Third, he argues that the state court's bias is shown by "their repeated refusals and denials thus far to remedy this violation."  Dkt. 6 at 2.

Although Petitioner is currently detained and faces prosecution, he cites no law or facts to support the claim that Defendant admits a lack of probable cause.  Review of the state court proceedings indicate that Petitioner had a preliminary hearing on July 17, 2025.  See People v. Terry Grant Chappel, Case No. RIF2302818 (Superior Court of California, County of Riverside filed June 26, 2023).  While more than a forty-eight-hour delay in his arraignment may present a Fourth Amendment violation, the appropriate remedy for such a violation is the exclusion of evidence obtained prior to a defendant's arraignment that is causally related to the Fourth Amendment violation.  See Anderson v. Calderon, 232 F.3d 1053, 1071 (9th Cir. 2000) (where there was a 76-hour delay in arraignment, finding "the appropriate remedy for a McLaughlin violation is the exclusion of the evidence in question—if it was 'fruit of the poisonous tree.' "), overruled in part on other grounds by Bittaker v. Woodford, 331 F.3d 715, 728 (9th Cir. 2003).  Because Plaintiff's state court proceedings are on-going, and in fact he has not yet gone to trial, there is no "extraordinarily pressing need for immediate federal equitable relief."  Kugler, 421 U.S. at 125.

Further, although Petitioner's arraignment was delayed, he was arraigned on June 27, 2023.  Petition at 2.  He also had a preliminary hearing on July 17, 2025.  See People v. Terry Grant Chappel, Case No. RIF2302818.  The action is not "time barred" as Petitioner suggests, and he has not established bad faith on the part of the government.  See Kugler, 421 U.S. at 126 ("'bad faith' in this context generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction.").  Nothing in the Petition supports a finding of 'bad faith,' as so defined.  Finally, Petitioner has not established the state is biased toward him due to their failure to "remedy" the situation.  As discussed above, the appropriate remedy for a delayed arraignment is a trial-based remedy requiring suppression or exclusion of evidence causally related to the delay.  Accordingly, Petitioner has not established that there is an "extraordinarily pressing need for immediate federal equitable relief," Kugler, 421 U.S. at 125, and it appears that abstention is warranted.

///

---

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **5:25-cv-02464-FWS(MAR)**                                    Date:  January 28, 2026

Title:      *Terry Grant Chappell v. County of Riverside*


## B.      PETITIONER'S CLAIMS MAY BE UNEXHAUSTED

A state prisoner must exhaust his or her state court remedies before a federal court may consider granting habeas corpus relief.  28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  To satisfy the exhaustion requirement, a petitioner must fairly present his or her federal claims in the state courts to give the state the opportunity to pass upon and correct alleged violations of the petitioner's federal rights.  Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam).  A petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process to properly exhaust a claim.  O'Sullivan, 526 U.S. at 845.

For a petitioner in California custody, this generally means the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court. See O'Sullivan, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California).  A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim." Gatlin, 189 F.3d at 888.

Petitioner argues that he has exhausted state remedies.  Dkt. 6 at 2.  He refers to his civil rights claim filed pursuant to Section 1983, which he states he took "from the trial courts through the Court of Appeals and to the California Supreme Court by way of writ of mandate."  Dkt. 6 at 2; see Eugene C Harris et al v. The County of Riverside et al, Case No. 5:35-cv-00284-SB-DFM.  That action is currently stayed pending the resolution of Petitioner's state court criminal proceedings.  Although it appears Petitioner has indeed raised these claims via Section 1983 litigation, exhaustion requires that Petitioner present these claims to the state court.  Here, because Petitioner only references an action in federal court, the Court cannot determine whether any cognizable claims have been exhausted in state court.

Additionally, although Petitioner indicates in the Petition that he submitted a habeas appeal to the Riverside County Superior Court, which was denied, he does not indicate that he has appealed that denial to the California Court of Appeals or the California Supreme Court.  Without this information the Court cannot determine

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **5:25-cv-02464-FWS(MAR)**                                         Date:  January 28, 2026

Title:      *Terry Grant Chappell v. County of Riverside*

whether Petitioner has exhausted his claims regarding his delayed arraignment and
speedy trial.  To the extent one or more of the claims in the petition are unexhausted,
Petitioner appears to request a stay.  Dkt. 6 at 3.

Under Rhines v. Weber, 544 U.S. 269 (2005), a district court has discretion to
stay a mixed or wholly unexhausted petition to allow a petitioner time to present his
or her unexhausted claims to state courts.  Id. at 276; see Mena v. Long, 813 F.3d 907,
912 (9th Cir. 2016) (holding a district court has the discretion to stay and hold in
abeyance fully unexhausted petitions under the circumstances set forth in Rhines).
This stay and abeyance procedure is called a "Rhines stay," and is available only when:
(1) there is "good cause" for the failure to exhaust; (2) each unexhausted claim is not
"plainly meritless;" and (3) the petitioner did not intentionally engage in dilatory
litigation tactics.  Rhines, 544 U.S. at 277-78.  The "good cause" inquiry is centered on
"whether the petitioner can set forth a reasonable excuse, supported by sufficient
evidence," to justify his failure to exhaust the unexhausted claim in state court.  Blake
v. Baker, 745 F.3d 977, 982 (9th Cir. 2014).

Under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), the district court may stay
a petition's exhausted claims to allow the petitioner time to exhaust unexhausted
claims in state court.  315 F.3d at 1070-71.  Unlike a Rhines stay, a Kelly stay "does
not require that a petitioner show good cause for his failure to exhaust state court
remedies."  King v. Ryan, 564 F.3d 1133, 1135.  A Kelly stay involves a three-step
procedure: "(1) a petitioner amends his petition to delete any unexhausted claims; (2)
the court stays and holds in abeyance the amended, fully exhausted petition, allowing
the petitioner the opportunity to proceed to state court to exhaust the deleted claims;
and (3) the petitioner later amends his petition and re-attaches the newly-exhausted
claims to the original petition."  Id. (citing Kelly, 315 F.3d at 1170-71).  Thus, while
"Rhines allows a district court to stay a mixed petition, and does not require that
unexhausted claims be dismissed while the petitioner attempts to exhaust them . . .
Kelly allows the stay of fully exhausted petitions, requiring that any unexhausted
claims be dismissed."  Id. at 1139-40 (emphasis in original) (citing Jackson, 425 F.3d
at 661).

While a Kelly stay does not require a showing of good cause, it requires
compliance with the one-year statute of limitations set forth in the AEDPA.  28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **5:25-cv-02464-FWS(MAR)**                           Date:  January 28, 2026

Title:     *Terry Grant Chappell v. County of Riverside*

U.S.C. § 2244(d)(1); see also King, 564 F.3d at 1140-41 ("A petitioner seeking to use the Kelly procedure will be able to amend his [or her] unexhausted claims back into his federal petition once he [or she] has exhausted them only if those claims are determined to be timely.").  After expiration of the AEDPA limitations period, "a petitioner may amend a new claim into a pending federal habeas petition . . . only if the new claim shares a 'common core of operative facts' with the claims in the pending petition; a new claim does not 'relate back' . . . simply because it arises from the 'same trial, conviction, or sentence.'" Id. at 1141 (internal citations omitted).

Petitioner has not presented a "reasonable excuse, supported by sufficient evidence" for a stay, which is required for the Court to grant a stay.  Without this information, the Court is unable to determine whether Petitioner has shown there is good cause for his failure to exhaust, as is required for a Rhines stay.  If there is not good cause, Petitioner may still request a Kelly stay; however, the Court warns Petitioner that even if he obtains a Kelly stay, any newly-exhausted claim(s) may be time-barred when Petitioner would file his amended petition.

Ultimately, the petition appears subject to dismissal because the Court lacks jurisdiction, state proceedings may be ongoing, and the petition may be unexhausted. The Court will not recommend dismissal of the petition, however, without giving Petitioner an additional opportunity to explain or amend his petition.

### III.
### ORDER

Accordingly, the Court hereby **ORDERS** Petitioner to file a written response to this Order **no later than twenty-one (21) days** after the date of this Order, **by February 17, 2026**.  This statement should provide more details about Petitioner's detention and address why the Petition should not be dismissed for the reasons discussed above.

**The Court warns Petitioner that failure to timely respond as directed in this Order may result in dismissal of this action without prejudice for their failure to comply with the Court's orders and failure to prosecute.  See Fed. R. Civ. P. 41(b).**

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **5:25-cv-02464-FWS(MAR)**                                    Date:  January 28, 2026

Title:       _Terry Grant Chappell v. County of Riverside_

## IT IS SO ORDERED.

|  | : |
|---|---|
| **Initials of Preparer** | vv |